UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      Plaintiff,

  -against-           7:12-CV-0780 (LEK/ATB)

RANDALL SWANK,

      Defendant.

## DECISION and ORDER

**I. INTRODUCTION**

On May 10, 2012, Plaintiff commenced this action alleging that Randall Swank ("Defendant") defaulted on a promissory note. Dkt. No. 1 ("Complaint"). Now before the Court is Plaintiff's Second Motion for default judgment brought pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. No. 12 ("Motion").

**II. BACKGROUND**

Defendant is a resident of Watertown, New York.[1] The Complaint alleges that Defendant executed a promissory note to secure loans from the U.S. Department of Education, and that he has failed to repay the loans in full. See generally Compl. Defendant did not file a responsive pleading, and on August 2, 2012, the Clerk filed an Entry of default against Defendant at Plaintiff's request. Dkt. Nos. 5; 6. In its Motion, Plaintiff seeks an award of $4,000.00 in principal and $4,588.45 in

---

[1] Plaintiff did not properly plead Defendant's residency in the body of the Complaint; however, a Certificate of Indebtedness issued by the U.S. Department of Education, dated March 8, 2011, and attached to the Complaint and explicitly referred to therein, shows a Watertown address for Defendant. See Dkt. No 1-2; Compl. ¶ 3. That same address appears in the caption of the Complaint. See Compl. Plaintiff has therefore made a *prima facie* showing of personal jurisdiction, which Defendant has not contested.

interest representing "$4,408.23 plus accrual through 08/16/13 [a]t 3.540% in the amount of $180.22." Dkt. No. 12-1 ¶ 3.

**III.    LEGAL STANDARD**

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" Elec. Creations Corp. v. Gigahertz, Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)).

> First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default. Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court. . . . Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.

Id. (citations and internal quotation marks omitted).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974); see also Bravado Int'l, 655 F. Supp. 2d at 189. "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189. "While the court must ensure that there is a basis for the damages specified in a default judgment, it may, but

2

need not, make the determination through a hearing." Id. at 190 (internal quotation marks omitted).

Under Local Rule 55.2(b), the moving party must submit with its motion for default judgment: (1) a clerk's certificate of entry of default; (2) a proposed form of default judgment; (3) a copy of the pleading to which no response has been made; and (4) an affidavit. The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil Procedure 4; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. L.R. 55.2(b) (citing L.R. 55.2(a)).

## IV. DISCUSSION

Upon review of Plaintiff's Motion, Plaintiff has complied with all applicable rules and demonstrated that it is entitled to the relief sought. See generally Mot. The affidavits in support, together with supporting documentation from the U.S. Department of Education, demonstrate the amount owed by Defendant, who has defaulted in this action.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Second Motion (Dkt. No. 12) for default judgment is **GRANTED**; and it is further

**ORDERED**, that judgment enter for Plaintiff in the amount of $8,588.45; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED:   October 23, 2013
         Albany, NY

*[signature]*
Lawrence E. Kahn
U.S. District Judge